UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CHRISTOPHER WRIGHT
on behalf of himself and all
others similarly situated,

Case No. 20-cv-1185

Plaintiff,

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

v.

DENALI INGREDIENTS, LLC
2400 South Calhoun Road
New Berlin, Wisconsin 53151

**JURY TRIAL DEMANDED**

Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards
Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.
Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code
§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R.
Civ. P. 23, by Plaintiff, Christopher Wright, on behalf of himself and all other similarly situated
current and former hourly-paid, non-exempt employees of Defendant, Denali Ingredients, LLC,
for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, unpaid overtime
compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief,
and/or any such other relief the Court may deem appropriate.

2.      Defendant operated (and continues to operate) an unlawful compensation system
that deprived and failed to compensate all current and former hourly-paid, non-exempt

employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by failing to compensate said employees for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration, in violation of the FLSA and WWPCL, and/or meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

3.     Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

4.     Plaintiff also brings a claims and causes of action against Defendant in his individual capacity under the FLSA, as amended by the "The Emergency Paid Sick Leave Act" of the Families First Coronavirus Relief Act ("FFCRA"), and under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"), as amended by the "The Emergency Family and Medical Leave Expansion Act" of the FFCRA, for purposes of obtaining relief for back pay and/or lost wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate as a result of Defendant's unlawful failure to provide Plaintiff with paid sick leave and emergency family and medical leave under the FFCRA, resulting in his termination of employment from Defendant.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the FMLA, 29 U.S.C. § 2601 *et seq.*

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts, and regularly does business, in this District.

## PARTIES

8.     Defendant is a New Berlin, Wisconsin-based company with a principal office address of 2400 South Calhoun Road, New Berlin, Wisconsin 53151.

9.     Defendant makes ingredients and flavors for the ice cream, frozen dessert, novelties, and milk and beverage industries.

10.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

12.     For purposes of the FFCRA, Plaintiff was an employee of Defendant and Defendant was an employer of Plaintiff because Defendant employed fewer than five hundred (500) employees during Plaintiff's employment with Defendant and at the time of the enactment of the FFCRA.

13.     Plaintiff, Christopher Wright, is an adult male resident of the State of Wisconsin residing at 1420 West Center Street, Apartment 403, Street, Milwaukee, Wisconsin 53206.

14.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

15.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt Production employee at Defendant's New Berlin, Wisconsin location.

16.     Plaintiff brings these FLSA and WWPCL causes of action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant at physical locations owned, operated, and managed by Defendant.

17.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policies as enumerated herein.

18.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiff brings this Complaint performed compensable work in similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

19.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

20.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

21.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

22.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

23.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees.

24.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt employees.

25.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

26.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

27.     In approximately July 2019, Defendant hired Plaintiff as an hourly-paid, non-exempt Production employee.

28.     During the three (3) year period immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff primarily performed compensable work as an hourly-paid, non-exempt Production employee at Defendant's New Berlin, Wisconsin location.

29.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at physical locations owned, operated, and managed by Defendant, including but not limited to Defendant's New Berlin, Wisconsin location.

30.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via paycheck.

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same unlawful employment policies in practice, including but not limited Defendant's failure to compensate said employees for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration, violation of the FLSA and WWPCL, and/or meal

periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and "clock out" each work day.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to record hours worked and work performed each work day.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the actual hours worked of Plaintiff and all other hourly-paid, non-exempt employees.

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the compensable work time of Plaintiff and all other hourly-paid, non-exempt employees.

43.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock out" for (and to "clock back in" from) rest breaks and/or meal periods each work day.

44.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt employees to "clock out" for (and to "clock back in" from) rest breaks and/or meal periods each workday via its electronic timekeeping system.

45.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees "clocked out" at the beginning of their rest breaks and/or meal periods each work day – and then "clocked back in" at the conclusion of their rest breaks and/or meal periods in the same manner – via Defendant's electronic timekeeping system.

46.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system for rest breaks and/or meal periods each work day.

47.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees for work performed immediately prior to "clocking out" its electronic timekeeping system for rest breaks and/or meal periods each work day.

48.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking back in" via Defendant's electronic timekeeping system from rest breaks and/or meal periods each work day.

49.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees for work performed immediately after "clocking back in" via its electronic timekeeping system from rest breaks and/or meal periods each work day.

50.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiff

and all other hourly-paid, non-exempt employees for rest breaks and/or meal periods during which said employees "clocked out" and then "clocked back in" via its electronic timekeeping system.

51.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' rest breaks lasted less than twenty (20) consecutive minutes in duration.

52.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' meal periods lasted less than thirty (30) consecutive minutes in duration.

53.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' rest breaks lasted less than twenty (20) consecutive minutes in duration and/or meal periods lasted less than thirty (30) consecutive minutes in duration because said employees' were performing compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at physical locations owned, operated, and managed by Defendant, including but not limited to Defendant's New Berlin, Wisconsin location.

54.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' rest breaks were not work-free for at least twenty (20) consecutive minutes in duration.

55.     Often times on a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-

exempt employees' meal periods were not work-free for at least thirty (30) consecutive minutes in duration.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the duration of Plaintiff's and all other hourly-paid, non-exempt employees' rest breaks and meal periods were identified via said employees' "clock" times via Defendant's electronic timekeeping system.

57.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees did not take and/or were not provided rest breaks that lasted at least twenty (20) consecutive minutes in duration and/or meal periods that lasted at least thirty (30) consecutive minutes in duration.

58.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees "clocked out" at the beginning of their rest breaks and/or meal periods – and then "clocked back in" at the conclusion of their rest breaks and/or meal periods in the same manner – less than twenty (20) consecutive minutes in duration and/or less than thirty (30) consecutive minutes thereafter, respectively, via Defendant's electronic timekeeping system in order to return to work at Defendant.

59.     On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for rest breaks that lasted less than twenty (20) consecutive minutes in duration, in violation of the FLSA and WWPCL, and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

60. On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for rest breaks that lasted less than twenty (20) consecutive minutes in duration, in violation of the FLSA and WWPCL, and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL, which resulted in Defendant's failure to compensate said employees' with overtime pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA and the WWPCL, and with a regular rate of pay for hours worked that did not exceed forty (40) in a workweek, in violation of the WWPCL.

61. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay, in violation of the FLSA and WWPCL.

62. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed at their regular hourly rate(s) of pay, in violation of the WWPCL.

63. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours worked and/or work performed each workweek, including but not limited to at an overtime rate of pay.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

64.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to compensate said employees for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration.

65.     Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration, in violation of the FLSA and WWPCL, and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

66.     The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

67.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

68.     Plaintiff and the FLSA Collective is similarly situated, has had substantially similar job requirements and pay provisions, and was subject to Defendant's decisions, policies,

plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

69. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

70. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

71. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

72. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), who have not been compensated for all hours worked each workweek, at either a regular rate or pay or an overtime rate of pay, as a result of Defendant's failure to compensate said employees for daily meal periods that lasted less than thirty (30) consecutive minutes in duration.

73. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

74. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

75. Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

76. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

77.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

78.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or

indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

80.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Class for all work Defendant suffered or permitted them to perform; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

81.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FFCRA ALLEGATIONS

82.     On or about June 18, 2020, Plaintiff's children's child care provider informed Plaintiff that it would close from approximately June 22, 2020 to July 3, 2020 due to COVID-19 related reasons.

83.     Subsequent to on or about June 18, 2020, Plaintiff informed Defendant that his children's child care provider would close from approximately June 22, 2020 to July 3, 2020 due to COVID-19 related reasons.

84.     Subsequent to on or about June 18, 2020, Plaintiff provided written documentation to Defendant that his children's child care provider would close from approximately June 22, 2020 to July 3, 2020 due to COVID-19 related reasons.

85.     Subsequent to on or about June 18, 2020, Plaintiff informed Defendant that he would be unable to work at Defendant from approximately June 22, 2020 to July 6, 2020 in order to provide child care for his children whose child care provider was closed during this time period due to COVID-19 related reasons.

86.     Subsequent to on or about June 18, 2020, Plaintiff requested (and Defendant understood that Plaintiff was requesting) paid sick leave from Defendant under the FFCRA from approximately June 22, 2020 to July 6, 2020 because he would be unable to work at Defendant during this time period in order to provide child care for his children whose child care provider was closed during this time period due to COVID-19 related reasons.

87.     Subsequent to on or about June 18, 2020, Plaintiff requested (and Defendant understood that Plaintiff was requesting) emergency family and medical leave from Defendant under the FFCRA from approximately June 22, 2020 to July 6, 2020 because he would be unable

to work at Defendant during this time period in order to provide child care for his children whose child care provider was closed during this time period due to COVID-19 related reasons.

88. From approximately June 22, 2020 to July 6, 2020, Plaintiff's children's child care provider was closed due to COVID-19 related reasons.

89. On or about July 7, 2020, Defendant terminated Plaintiff's employment because Plaintiff was unable to work from approximately June 22, 2020 to July 6, 2020 in order to care for his children whose child care provider was closed and/or unavailable due to COVID-19 related reasons, in violation of the "The Emergency Paid Sick Leave Act" of the FFCRA.

90. On or about July 7, 2020, Defendant terminated Plaintiff's employment because Plaintiff was unable to work from approximately June 22, 2020 to July 6, 2020 in order to care for his children whose child care provider was closed and/or unavailable due to COVID-19 related reasons, in violation of the "The Emergency Family and Medical Leave Expansion Act" of the FFCRA.

91. Plaintiff properly and timely complied with Defendant's notice policies and practices when reporting his absence(s) from work at Defendant from approximately June 22, 2020 to July 6, 2020.

92. Plaintiff properly and timely complied with Defendant's notice policies and practices when informing Defendant of FFCRA-qualifying paid sick leave from approximately June 22, 2020 to July 6, 2020.

93. Plaintiff properly and timely complied with Defendant's notice policies and practices when informing Defendant of FFCRA-qualifying emergency family and medical leave from approximately June 22, 2020 to July 6, 2020.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### Plaintiff on behalf of himself and the FLSA Collective

94.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

95.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

96.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

97.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

98.     Plaintiff and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

99.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek by failing to compensate Plaintiff and the FLSA Collective for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration, in violation of the FLSA and WWPCL, and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

100.    29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

101.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

102.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

103.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

104.    Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

105.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
## Violations of the WWPCL – Unpaid Overtime Wages
## Plaintiff, on behalf of himself and the Wisconsin Class

106. Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

107. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

108. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

109. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

110. Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

111. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

112. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by failing to compensate Plaintiff and the Wisconsin Class for daily rest breaks and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

113.     As set forth above, Plaintiff and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

114.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### THIRD CLAIM FOR RELIEF
**Violations of the WWPCL – Unpaid Regular Wages**
**Plaintiff, on behalf of himself and the Wisconsin Class**

115.     Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

116.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

117.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

118.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

119.    Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

120.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

121.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked and worked performed in workweeks when no overtime was due by failing to compensate Plaintiff and the Wisconsin Class for daily rest breaks and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

122.    As set forth above, Plaintiff and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

123.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violations of the "The Emergency Paid Sick Leave Act" of the FFCRA – Termination**
**<u>Plaintiff, on behalf of himself</u>**

124.    Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

125.    At all times material herein, Defendant was an employer of Plaintiff for purposes of the FFCRA because Defendant employed fewer than five hundred (500) employees during Plaintiff's employment with Defendant and at the time of the enactment of the FFCRA.

126.    At all times material herein, Plaintiff was an eligible employee under the FFCRA.

127.    From approximately June 22, 2020 to July 6, 2020, Plaintiff was entitled to take (and properly and time informed Defendant of his need to take) COVID-19-related paid leave under the FFCRA because he was unable to work in order to care for his children during this time period because their child care provider was closed and/or unavailable due to COVID-19 related reasons.

128.    On or about July 7, 2020, Defendant terminated Plaintiff's employment because Plaintiff was unable to work at it from approximately June 22, 2020 to July 6, 2020 in order to care for his children during this time period because their child care provider was closed due to COVID-19 related reasons, in violation of the "The Emergency Paid Sick Leave Act" of the FFCRA.

129.    As a result of Defendant's unlawful termination of Plaintiff, Plaintiff is entitled to back pay and/or lost wages, liquidated damages, costs and attorneys' fees, and any other and further relief, as the Court deems just and equitable.

**FIFTH CLAIM FOR RELIEF**
**Violations of the "The Emergency Family and Medical Leave Expansion Act" of the**
**FFCRA – Termination**
**Plaintiff, on behalf of himself**

130.    Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

131.    At all times material herein, Defendant was an employer of Plaintiff for purposes of the FFCRA because Defendant employed fewer than five hundred (500) employees during Plaintiff's employment with Defendant and at the time of the enactment of the FFCRA.

132.    At all times material herein, Plaintiff was an eligible employee under the FFCRA.

133.    At all times material herein, Defendant was a covered employer for purposes of the FMLA.

134.    At all times material herein, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

135.    At all times material herein, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

136.    At all times material herein, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

137.    At all times material herein, Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

138.    At all times material herein, Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.

139.    From approximately June 22, 2020 to July 6, 2020, Plaintiff was entitled to take (and properly and time informed Defendant of his need to take) COVID-19-related emergency family and medical leave under the FFCRA because he was unable to work in order to care for

his children during this time period because their child care provider was closed and/or unavailable due to COVID-19 related reasons.

140. On or about July 7, 2020, Defendant terminated Plaintiff's employment because Plaintiff was unable to work at it from approximately June 22, 2020 to July 6, 2020 in order to care for his children during this time period because their child care provider was closed due to COVID-19 related reasons, in violation of the "The Emergency Family and Medical Leave Expansion Act" of the FFCRA.

141. As a result of Defendant's unlawful termination of Plaintiff, Plaintiff is entitled to back pay and/or lost wages, liquidated damages, costs and attorneys' fees, and any other and further relief, as the Court deems just and equitable.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime and regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable; and

i) Issue an Order directing Defendant to reimburse Plaintiff for back pay and/or lost wages, liquidated damages, and costs and attorneys' fees expended in the course of litigating this action for Defendant's violations of the FFCRA.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 3rd day of August, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com