UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CHRISTOPHER WRIGHT,
on behalf of himself and
all others similarly situated,

      Plaintiff,                                Case No. 20-cv-1185

     v.

DENALI STAFFING, LLC,

      Defendant.

---

**ORDER**

---

Based on the parties' submissions in support of their Joint Motion for Preliminary Approval of Class and Collective Action Settlement, as well as the record as a whole,

IT IS ORDERED THAT:

1. Preliminary approval of the parties' Settlement Agreement and Release of Claims (the "Agreement") is granted as the Court finds that the settlement terms negotiated by the parties and described in the Agreement are a fair and reasonable resolution of a *bona fide* dispute.

2. The Rule 23 class is certified for settlement purposes pursuant to FED. R. CIV. P. 23. The Court finds that this class meets the requirements of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3). The class is defined as follows:

> All hourly-paid, non-exempt employees who performed work for Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1), who arguably have not been compensated for all hours worked (including but not limited to hours worked in excess of forty (40) in a workweek) at the proper, correct, and/or lawful rate of pay (or overtime rate of pay) for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, as identified in Exhibit A to the parties' Settlement Agreement (ECF No. 20-1, Ex. A).

3. The Court further certifies this case for settlement purposes as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective is defined as follows:

> All hourly-paid, non-exempt employees who performed work for Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1), who arguably have not been compensated for all hours worked (including but not limited to hours worked in excess of forty (40) in a workweek) at the proper, correct, and/or lawful rate of pay (or overtime rate of pay) for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, as identified in Exhibit A to the parties' Settlement Agreement (ECF No. 20-1, Ex. A).

4. Christopher Wright shall serve as representative for the certified FED. R. CIV. P. 23 class and FLSA Collective.

5. The law firm of Walcheske & Luzi, LLC is hereby appointed as class counsel for the certified FED. R. CIV. P. 23 class and the FLSA Collective.

6. The Court approves the Notice of Class Action and Collective Action and Proposed Settlement and Opt-In Consent Form attached as Exhibit B to the Agreement (the "Notice Packet").

7. The Notice Packet constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

8. Each putative Collective Member who wishes to be included in the Settlement Class must opt-in per the instructions set forth in the Notice Packet.

9. Each putative Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice Packet.

10. Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound by the Agreement in the event the Court issues a final order approving the Agreement.

11. Each putative Class Member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice Packet.

12. The Court will conduct a Fairness Hearing on **November 22, 2021 at 11:00 a.m.** to determine whether the Agreement should be approved as fair, reasonable and adequate and whether the proposed final order approving the Agreement should be entered.

13. Plaintiff shall apply for attorneys' fees and costs at least twenty-one (21) days prior to the Fairness Hearing, pursuant to Rule 23(h).

14. Any Class or Collective Member who wishes to object in any way to the proposed Agreement or to the Plaintiff's application for attorneys' fees and costs must file and serve such

written objections per the instructions set forth in the Notice Packet no later than fourteen (14) prior to the Fairness Hearing, together with copies of all papers in support of his or her position. The Court will not consider objections of any Class or Collective Member who has not properly served copies of his or her objections on a timely basis.

Entered this 23rd day of August, 2021.

BY THE COURT:

s/Lynn Adelman
Hon. Lynn Adelman
United States District Court