UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CHRISTOPHER WRIGHT,
on behalf of himself and
all others similarly situated,

      Plaintiff,

v.

DENALI STAFFING, LLC,

      Defendant

Case No. 20-cv-1185

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

Plaintiff, Christopher Wright ("Wright"), on behalf of himself and all others similarly-situated, and Defendant, Denali Staffing, LLC ("Denali"), jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release." (ECF No. 20-1.)

Accordingly, the parties request that the Court:

1. Certify, for purposes of settlement, the Wisconsin Wage Payment and Collection Laws ("WWPCL") Class pursuant to FED. R. CIV. P. 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA") Collective pursuant to 29 U.S.C. § 216(b);

2. Appoint Wright as Class Representative for the WWPCL Class and the FLSA Collective;

3. Appoint Walcheske & Luzi, LLC as Class Counsel for the WWPCL Class and the FLSA Collective;

1

4. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Rule 23;

5. Approve the parties' settlement as a fair and reasonable resolution of a bona fide dispute under the FLSA;

6. Approve the settlement payments to the members of the WWPCL Class and the FLSA Collective (collectively, the "Settlement Class");

7. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of its Order;

8. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

9. Instruct that the Settlement Class has one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

10. Grant Plaintiff's unopposed request for approval of its attorneys' fees and case-related costs and expenses in the amount of $24,000.00, which the parties have stipulated and agreed are reasonable;

11. Grant Plaintiff's unopposed request for approval of his service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable;

12. Dismiss with prejudice the Settlement Class members' released claims;

13. Dismiss without prejudice the WWPCL Claims of the putative members of the WWPCL Class who properly and timely excluded themselves from the WWPCL Class in full accordance with the procedures set forth in this Agreement; and

14. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-into the FLSA Collective in full accordance with the procedures set forth in this Agreement.

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On May 25, 2021, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 20), and their fully executed "Settlement Agreement and Release." (ECF No. 20-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All hourly-paid, non-exempt employees who performed work for Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1), who arguably have not been compensated for all hours worked (including but not limited to hours worked in excess of forty (40) in a workweek) at the proper, correct, and/or lawful rate of pay (or overtime rate of pay) for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration.

("Collective Members") (*See* ECF No. 20-1 § 1.2, 1.23.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All hourly-paid, non-exempt employees who performed work for Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1), who arguably have not been compensated for all hours worked (including but not limited to hours worked in excess of forty (40) in a workweek) at the proper, correct, and/or lawful rate of pay (or overtime rate of pay) for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration.

("Class Members") (*See* ECF No. 19, 20-1 §§ 1.1, 1.23.)

On August 11, 2021, the parties agreed to amend the definitions of the FLSA Collective and Rule 23 Class.

The revised definition of the FLSA Collective is:

> All hourly-paid, non-exempt employees who performed work for Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1), who arguably have not been compensated for all hours worked (including but not limited to hours worked in excess of forty (40) in a workweek) at the proper, correct, and/or lawful rate of pay (or overtime rate of pay) for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, as identified in Exhibit A to the parties' Settlement Agreement (ECF No. 20-1, Ex. A).

The revised definition of the WWPCL Class is:

> All hourly-paid, non-exempt employees who performed work for Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1), who arguably have not been compensated for all hours worked (including but not limited to hours worked in excess of forty (40) in a workweek) at the proper, correct, and/or lawful rate of pay (or overtime rate of pay) for daily rest breaks that lasted less than twenty (20) consecutive minutes in duration and/or meal periods that lasted less than thirty (30) consecutive minutes in duration, as identified in Exhibit A to the parties' Settlement Agreement (ECF No. 20-1, Ex. A).

On August 23, 2021, this Court preliminarily approved the parties' settlement. (ECF No. 25.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Wright as the Class Representative for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class Action Settlement" sent to members of the Settlement Class in a form that is substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class Action Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class Action Settlement" to opt-out of the WWPCL Class;`

(7) Ordered that members of the FLSA Collective have thirty (30) calendar days after the date of the mailing of the "Notice of Class Action Settlement" to opt-in to the FLSA Collective;

The Court has scheduled a Fairness Hearing for November 22, 2021 at 11:00 p.m. (ECF No. 25.)

On September 16, 2021, Plaintiff's counsel sent the "Notice of Class Action Settlement" via U.S. Mail to members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 17.) WWPCL Class members had thirty (30) calendar days after September 16, 2021– or until October 16, 2021 – to opt-out of the WWPCL Class (hereinafter simply, the "WWPCL Notice Period"). (*Id*) By the end of the WWPCL Notice Period, no individuals chose to opt-out of the WWPCL Class. (*Id.*)

Likewise, FLSA Collective members had thirty (30) calendar days after September 16, 2021 – or until October 16, 2021 – to opt-in to the FLSA Collective (hereinafter simply, the "FLSA Notice Period"). (*Id*) By the end of the FLSA Notice Period, twelve (12) individuals chose to opt-in to the FLSA Collective, including Plaintiff. (*Id.*)[1]

In total, there are one-hundred and two (102) individuals who are WWPCL Class members, including Plaintiff. (ECF No. 20-1, Ex. A; Potteiger Decl., ¶ 18.) There are a total of twelve (12)

---

[1] On October 6, 2021, Paul Gray informed Plaintiffs' counsel that he did not receive a copy of the Notice of Class Action Settlement. Plaintiffs' counsel provided Mr. Gray with a copy of the Notice of Class Action Settlement by e-mail. Mr. Gray executed and returned the Opt-In Consent Form less than 30 days from the date he received the Notice of Class Action Settlement, but after the October 16, 2021 deadline. Defendant does not object to Mr. Gray's inclusion in the FLSA Collective.

5

individuals who opted-in to the FLSA collective, including Plaintiff. (*Id.*) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (Potteiger Decl., ¶ 17.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendant's counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of the Court's Order entry. (ECF No. 20-1 § 3.4.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (Potteiger Decl., ¶ 20.) Settlement Class members will have one-hundred and twenty (120) days to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (ECF No. 20-1 § 2.4.)

## DISCUSSION

### I. FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Employees can bargain, waive, or modify their rights under the FLSA if the court approves of the parties' settlement as a fair and reasonable resolution of a bona fide dispute over alleged violations of the FLSA, and the Court enters the settlement as a stipulated judgment. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Similarly, the Court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e).

In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Denali violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 13-14.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) The result of those negotiations has resulted in the parties' finalized and fully-executed Settlement Agreement. (ECF No. 20-1.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed

Plaintiff's claims against Denali under the FLSA and the WWPCL. (Potteiger Decl., ¶ 11.) While Wright maintains a strong belief in his position on liability, class and collective treatment, and damages, he also recognizes the weaknesses and potential issues on which he would be required to prevail if the case proceeded to trial, including establishing that Defendant had a uniform policy in practice which failed to compensate employees for on-duty meal periods and/or rest breaks of short duration, that said on-duty mela periods and/or rest breaks of short duration were compensable, that the uncompensated time was not *de minimis,* that the WWPCL Class and the FLSA Collective actually are similarly situated to Wright for purposes of final certification, that Denali did not act in good faith, and that Denali willfully violated the FLSA for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id*. at ¶ 14.)

Considering the number of issues faced, Wright recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant discovery immediately before settlement that would have required significant investment from all parties and their counsel before dispositive motions and trial. Even if Wright were to prevail at trial, there is still the prospect that Denali would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id*.)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Wright and the Settlement Class in that the Settlement Class will receive monetary amounts that fairly and

accurately represent their individual and actual past due wages damages allegedly owed for the two-year statutory period under the WWPCL and FLSA. (ECF No. 20-1, Ex. A; Potteiger Decl., ¶ XX.) Specifically, the parties reviewed Defendant's timekeeping records for each putative Settlement Class member to identify all on-duty meal periods/and or rest breaks of short duration running less than thirty (30) consecutive minutes in duration to determine the potential damages to each putative Settlement Class member. Denali then agreed to pay members of both the FLSA Collective and WWPCL Class up to fifty-percent (50%) of their individual allocation as established by the Class Fund. Thus, the overall balance supports approval of settlement. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006).

The settlement will provide Wright and the Settlement Class with a significant recovery while eliminating the risks and costs both Wright and Denali would bear if this litigation continued to a decision on the merits. (Potteiger Decl., ¶ 13.) To date, counsel for the parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 26.)

### III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to incentive awards or service payments. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award or payment can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Further, attorneys' fees and costs are recoverable under the FLSA, 29 U.S.C. § 216(b), and under the WWPCL, WIS. STAT. §109.03(6). As a result of this litigation and in furtherance of its resolution, the parties' settlement provides for Plaintiff's counsel attorneys' fees and case-related

9

costs and expenses. (ECF No. 20-1, ¶ 3.2(A).) This total amount is representative of counsel's actual hourly rates, multiplied by the hours expended litigating and resolving this matter, including costs, to date and through the Fairness Hearing and the ultimate resolution of this matter. (Potteiger Decl., ¶¶ 24-25.)

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award. (ECF No. 30) and Petition for Approval of Attorneys' Fees and Costs, (ECF No. 31) contemporaneously herewith, and Denali has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 20-1.)

## **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Appoint Plaintiff, Christopher Wright, as Class Representative for the WWPCL Class and the FLSA Collective;

3. Appoint Walcheske & Luzi, LLC as Class Counsel for the WWPCL Class and the FLSA Collective;

4. Approve the parties' settlement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e);

5. Approve the parties' settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

6. Approve the settlement payments to the Settlement Class;

7. Instruct Defendant's counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within thirty (30) calendar days of this Order;

8. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's counsel;

9. Instruct that the Settlement Class has one-hundred and twenty (120) days to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

10. Grant Plaintiff's unopposed request for approval of his attorneys' fees and case-related costs and expenses in the amount of $24,000.00, which the parties have stipulated and agreed are reasonable;

11. Grant Plaintiff's unopposed request for approval his service award in the amount of $2,500.00, which the parties have stipulated and agreed is reasonable;

12. Dismiss with prejudice the Settlement Class members' released claims;

13. Dismiss without prejudice the WWPCL Claims of the putative members of the WWPCL Class who properly and timely excluded themselves from the WWPCL Class in full accordance with the procedures set forth in this Agreement; and

14. Dismiss without prejudice the FLSA Claims of the putative members of the FLSA Collective who did not properly and timely opt-into the FLSA Collective in full accordance with the procedures set forth in this Agreement.

Dated this 1st day of November, 2021

| | |
|---|---|
| s/ David M. Potteiger | s/ Christopher K. Schuele |
| James A. Walcheske, SBN 1065635 | Robert K. Sholl, SBN 1016881 |
| Scott S. Luzi, SBN 1067405 | Christopher K. Schuele, SBN 1093960 |
| David M. Potteiger, SBN 1067009 | |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |

Walcheske & Luzi LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com

Reinhart Boerner Van Deuren SC
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: (414) 298-1000
Email: rsholl@reinhartlaw.com
Email: cschuele@reinhartlaw.com
Email: bnaleid@reinhartlaw.com